**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

____________________ District of Delaware
(State)

Case number (*If known*): ________________________ Chapter 11

❑ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name**

   Getty Images (Seattle), Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   91-1546863

4. **Debtor's address**

   **Principal place of business**

   605 5th Ave. S.
   Number Street

   Suite 400

   Seattle WA 98104
   City State ZIP Code

   King
   County

   **Mailing address, if different from principal place of business**

   Number Street

   P.O. Box

   City State ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number Street

   City State ZIP Code

5. **Debtor's website** (URL)

   www.gettyimages.com

Debtor Getty Images (Seattle), Inc. Case number (*if known*)
Name

**6. Type of debtor**

- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: ____

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5 1 2 1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☑ A plan is being filed with this petition.
  - ☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☑ No
- ☐ Yes. District ____ When ____ (MM / DD / YYYY) Case number ____
  District ____ When ____ (MM / DD / YYYY) Case number ____

Debtor Getty Images (Seattle), Inc.
Name

Case number (*if known*)

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

- ☐ No
- ☑ Yes. Debtor See Attached Rider 1 Relationship
  District When MM / DD / YYYY
  Case number, if known

**11. Why is the case filed in *this district*?**

*Check all that apply:*

- ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ☑ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard?
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other

**Where is the property?**
Number Street

City State ZIP Code

**Is the property insured?**

- ☐ No
- ☐ Yes. Insurance agency
  Contact name
  Phone

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

- ☑ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☑ More than 100,000 |
| ☐ 200-999 | | |

Debtor Getty Images (Seattle), Inc.
Name

Case number (if known)

**15. Estimated assets**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☑ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☑ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10/21/2026
MM / DD / YYYY

✘ /s/ Christopher Hoel
Signature of authorized representative of debtor

Christopher Hoel
Printed name

Title Authorized Officer

**18. Signature of attorney**

✘ /s/ Justin R. Alberto
Signature of attorney for debtor

Date 10/21/2026
MM / DD / YYYY

Justin R. Alberto
Printed name

Cole Schotz P.C.
Firm name

500 Delaware Avenue, Suite 600
Number Street

Wilmington DE 19801
City State ZIP Code

(302) 652-3131
Contact phone

jalberto@coleschotz.com
Email address

5126 DE
Bar number State

**Schedule 1**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors will file a motion with the Court requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware.

| Debtor Name | Federal Tax ID Number |
|---|---|
| Getty Images Holdings, Inc. | 87-3764229 |
| Griffey Midco (DE), LLC | 46-1077122 |
| Abe Investment Holdings, Inc. | 26-2885107 |
| Getty Images, Inc. | 98-0177556 |
| Getty Images (US), Inc. | 13-2808819 |
| Getty Images News Services (PRC), Inc. | 42-2651849 |
| Getty Images (Seattle), Inc. | 91-1546863 |

**OMNIBUS UNANIMOUS WRITTEN CONSENT OF THE BOARDS OF DIRECTORS OF:**

**GRIFFEY HOLDINGS, INC.**
**ABE INVESTMENT HOLDINGS, INC.**
**GETTY IMAGES, INC.,**
**GETTY IMAGES (US), INC.**
**GETTY IMAGES NEWS SERVICES (PRC), INC.**
**GETTY IMAGES (SEATTLE), INC.**

October 20, 2026

The undersigned, being all of the directors of the board of directors (each, a "Board") of each of the entities listed on **Schedule I** hereto (each, a "Company" and, collectively, the "Companies"), acting by unanimous written consent without a meeting pursuant to the applicable governing documents and applicable law, including, as applicable, Section 141(f) of the Delaware General Corporation Law, Section 708(b) of the New York Business Corporation Law, and RCW 23B.08.210 of the Washington Business Corporation Act, do hereby consent to, adopt and approve the following resolutions and each and every action effected thereby with the same force and effect as if they had been approved and adopted at a duly convened meeting of each Board:

WHEREAS, Getty Images Holdings, Inc., a Delaware corporation ("Holdings"), is the direct or indirect parent of each Company;

WHEREAS, the Companies and the Boards have been actively assessing plans to improve liquidity and evaluating strategic financing alternatives and balance sheet management initiatives, including negotiations with certain creditor constituencies;

WHEREAS, the Board of each Company previously established a special committee of such Board (each, a "Special Committee") and authorized such Special Committee to, among other things, review, evaluate, and negotiate potential restructuring and recapitalization transactions and make recommendations to such Board with respect thereto, after deliberation and consultation with its independent counsel and professional advisors of the Company;

WHEREAS, the Companies, with the support of their professional advisors, negotiated with (a) certain holders of the term loans under that certain Credit Agreement, dated as of February 19, 2019 (as amended and restated from time to time, the "Credit Agreement"), and of the 11.25% Senior Secured Notes due 2030 issued by Getty Images, Inc. (such claims, collectively, the "Secured Funded Debt Claims"), (b) certain holders of revolving loans under the Credit Agreement (the "Revolving Loan Claims"), (c) certain holders of the 9.750% Senior Notes due 2027 and the 14.000% Senior Notes due 2028, each issued by Getty Images, Inc. (such claims, collectively, the "Unsecured Notes Claims"), and (d) certain holders of equity interests in Holdings, regarding certain restructuring and recapitalization transactions with respect to the capital structure of Holdings and the Companies (the "Restructuring Transactions");

WHEREAS, the Restructuring Transactions contemplate, among other things: (a) entry into a debtor-in-possession financing facility to be provided by certain Consenting Shareholders

(as defined below) (the "DIP Facility") and the conversion of such DIP Facility into new common equity interests in the parent of the reorganized Company Parties (as defined below) ("New Getty Images" and such interests, the "New Interests") and new preferred interests; (b) the refinancing of the allowed Revolving Loan Claims into obligations under an amended and restated senior secured revolving credit facility on a dollar-for-dollar, cashless basis; (c) the refinancing of the allowed Secured Funded Debt Claims not held by the Consenting Shareholders into new euro-denominated term loans and new senior secured notes on a dollar-for-dollar, cashless basis; (d) the conversion of the Secured Funded Debt Claims held by the Consenting Shareholders into New Interests; (e) the distribution to holders of allowed Unsecured Notes Claims of cash in an aggregate amount equal to $170,212,922.50; (f) a new equity investment by the Consenting Shareholders pursuant to an equity commitment letter (the "ECL"); and (g) the incurrence of exit facilities by the applicable reorganized Company Parties in furtherance of the foregoing, and following the foregoing, the Consenting Shareholders will receive 100% of the New Interests (subject only to dilution by a management incentive plan);

WHEREAS, on October 12, 2026, upon due consideration and with the recommendation of the applicable Special Committee, each Board authorized the entry by each Company (collectively with Holdings, the "Company Parties") into a restructuring support agreement (together with all exhibits, annexes, and schedules thereto, the "RSA") with (a) holders of Secured Funded Debt Claims party thereto (the "Consenting Secured Lenders"), (b) holders of Revolving Loan Claims party thereto (the "Consenting RCF Lenders"), (c) holders of Unsecured Notes Claims party thereto (the "Consenting Unsecured Noteholders"), and (d) holders of equity interests in Holdings party thereto (the "Consenting Shareholders" and, together with the Consenting Secured Lenders, the Consenting RCF Lenders, and the Consenting Unsecured Noteholders, the "Consenting Stakeholders") pursuant to which the Consenting Stakeholders agreed to support the Restructuring Transactions on the terms and subject to the conditions set forth therein;

WHEREAS, the RSA contemplates, among other things, implementation of the Restructuring Transactions through (a) commencement by the Company Parties of voluntary petitions for relief under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (the "Chapter 11 Filing" and, such cases, the "Chapter 11 Cases") in accordance with the milestones set forth in the RSA; and (b) the retention of professionals in connection with the foregoing;

WHEREAS, the Company Parties, with the support of their professional advisors, have negotiated the terms of the DIP Facility, as reflected in that certain Debtor-in-Possession Credit Agreement, to be dated on or about October 22, 2026 (as the same may be amended, restated, amended and restated, supplemented or otherwise modified from time to time, together with all exhibits and schedules thereto, the "DIP Credit Agreement"), with the lending institutions from time to time party thereto (the "Lenders"), and the administrative agent and collateral agent party thereto (in such respective capacity, together with any successors and permitted assigns, the "Administrative Agent" and the "Collateral Agent"), which is consistent with the terms of the RSA and substantially in the form attached hereto as **Exhibit A**;

WHEREAS, each Special Committee has reviewed and considered the terms of the Restructuring Transactions and related documentation, including the DIP Credit Agreement, and

has recommended to the applicable Board approval of: (a) the chapter 11 plan (together with any exhibits and other attachments annexed thereto, the "Plan") and the associated disclosure statement (together with any exhibits and other attachments annexed thereto, the "Disclosure Statement"); (b) commencement of solicitation of votes on the Plan; (c) the filing of petitions by the applicable Company to commence the Chapter 11 Cases following commencement of solicitation; (d) entry by the applicable Company into the DIP Credit Agreement as a Loan Party (as defined in the DIP Credit Agreement) and the granting of liens on and security interests in the Collateral (as defined in the DIP Credit Agreement) and adequate protection to the prepetition secured parties in connection therewith and with the consensual use of cash collateral in the Chapter 11 Cases; and (e) the retention of certain advisors in connection with the foregoing;

WHEREAS, each Board has received and reviewed presentations from management of the Company and has consulted with, and considered the advice and recommendations of, the Company's legal counsel, financial advisors, and other professional advisors regarding the Restructuring Transactions, the RSA, the DIP Credit Agreement, the Plan, the Disclosure Statement, the Chapter 11 Filing, and the alternatives available to each Company;

WHEREAS, pursuant to the recommendation of the applicable Special Committee, after deliberation and consultation with its independent counsel and professional advisors of the Company Parties, and upon consideration of the Restructuring Transactions and review of the related documentation, each Board, in accordance with its good faith business judgment of the best interests of the Company, has determined it is advisable and in the best interests of the applicable Company, the Company Parties, the Loan Parties, and their stakeholders to: (a) consistent with the RSA, commence solicitation of the Plan with the Disclosure Statement, (b) thereafter, file petitions commencing the Chapter 11 Cases, (c) file the Plan and Disclosure Statement, (d) enter into the DIP Credit Agreement and grant liens, security interests, and adequate protection in connection therewith and with the consensual use of cash collateral in the Chapter 11 Cases; and (e) retain certain advisors in connection with the foregoing;

AND WHEREAS, in reaching its determination, each Board has considered such factors as it deemed relevant and has relied upon the advice, analyses, and recommendations of management and the Companies' legal, financial, and other professional advisors;

NOW, THEREFORE, BE IT RESOLVED, that each Board has determined, in its business judgment, that the following resolutions are advisable and in the best interests of each Company:

**Solicitation and Chapter 11 Filing**

FURTHER RESOLVED, that in the business judgment of each Board, it is desirable and in the best interests of each Company and its stakeholders for the Company to file or cause to be filed petitions under the Bankruptcy Code in the Bankruptcy Court;

FURTHER RESOLVED, that the executive officers of each Company (each, an "Authorized Officer"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of each Company all petitions, schedules, motions, lists, applications, pleadings, and other papers in the Bankruptcy Court, and to take any and all actions that they deem necessary or proper to obtain such relief,

including, without limitation, any action necessary or proper to maintain the ordinary course operations of each Company's business;

FURTHER RESOLVED, that each Company shall be, and hereby is, authorized to: (a) execute and deliver the Plan and the Disclosure Statement, each having terms substantially consistent with those presented to each Board on or prior to the date hereof and as may be further approved, modified or amended by any Authorized Officer, and any associated documents and solicitation material, and, consistent with the RSA, commence solicitation of votes on the Plan prior to the commencement of the Chapter 11 Cases; and (b) pay related fees and expenses as may be deemed necessary or desirable by any Authorized Officer in connection with the Plan, the Disclosure Statement, the solicitation of votes on the Plan, and the Restructuring Transactions

FURTHER RESOLVED, that any Authorized Officer shall be, and hereby is, authorized and directed in the name of, and on behalf of each Company, to authorize counsel to draft, file and seek approval of the Plan and the Disclosure Statement, including approval of the Disclosure Statement and confirmation of the Plan;

**Debtor-in-Possession Financing**

FURTHER RESOLVED, that each Company, as a debtor and a debtor in possession under Chapter 11 of the Bankruptcy Code, shall be, and hereby is, authorized to: (a) enter into, and perform under, the DIP Credit Agreement and the transactions contemplated thereby (the "DIP Facility Transactions") with the Lenders, the Administrative Agent, and the Collateral Agent, including without limitation, borrowings thereunder on such terms substantially consistent with those presented to the Board on or prior to the date hereof and as may be further approved, modified or amended by any Authorized Officer, as may be reasonably necessary or desirable for the continuing conduct of the affairs of each Company but consistent with the terms previously approved by the Special Committee; (b) provide indemnities, pay related fees and grant security interests in and liens on some, all or substantially all of each Company's assets and superpriority administrative expense claims, in each case, as may be deemed necessary or desirable by any Authorized Officer in connection with the DIP Facility Transactions; and (c) use cash collateral and provide adequate protection, in each case on the terms set forth in the Orders (as defined in the DIP Credit Agreement);

FURTHER RESOLVED, that: (a) any Authorized Officer be, and each hereby is, authorized and directed in the name of, and on behalf of each Company, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents as any Authorized Officer may deem necessary or appropriate to consummate or facilitate the DIP Facility Transactions, including the DIP Credit Agreement, the guaranty, the security agreement, the pledge agreement, the segregated account control agreement, and any other collateral documents, in each case contemplated by the DIP Credit Agreement, and any engagement letter or term sheet (collectively, the "DIP Facility Documents"); (b) DIP Facility Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any Authorized Officer are hereby approved; and (c) the actions of any Authorized Officer taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other

documents, shall be conclusive evidence of such Authorized Officer's approval thereof and the necessity or desirability thereof;

**<u>Retention of Professionals</u>**

FURTHER RESOLVED, that each Company is hereby authorized to retain: (a) Simpson Thacher & Bartlett LLP as bankruptcy counsel; (b) Cole Schotz P.C. as Delaware bankruptcy counsel; and (c) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals that an Authorized Officer deems necessary, appropriate, or advisable, each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and applicable law, in each case subject to the approval of the Bankruptcy Court;

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary;

**<u>Advancement of Expenses</u>**

FURTHER RESOLVED, that each member of the Special Committee shall be entitled to advancement of legal fees and expenses, to the fullest extent permitted by applicable law, with respect to any matter arising from such member's service on the Board or the Special Committee, including in connection with the Restructuring Transactions and the Chapter 11 Cases, and each Company is hereby authorized and directed to make such advancements;

**<u>General</u>**

FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, directed, and empowered, in the name and on behalf of each Company, to do any and all acts and things and to sign, seal, execute, acknowledge, file, record, and deliver all agreements, papers, instruments, documents, and certificates and to pay all charges, fees, taxes, and other expenses, from time to time necessary, desirable, or appropriate to be done, signed, sealed, executed, acknowledged, filed, recorded, delivered, or paid, under any applicable law or otherwise, and to certify as having been adopted by the Board by any form of resolution required by any law, regulation, or agency necessary, advisable, or appropriate to effectuate the purpose and intent of the foregoing resolutions; and

FURTHER RESOLVED, that any and all acts, transactions, agreements, or certificates previously signed or otherwise entered into on behalf of each Company by any Authorized Officer or by any employees or agents of each Company in connection with or in furtherance of the foregoing resolutions be, and they hereby are, in all respects approved, ratified, and confirmed as the true acts and deeds of each Company with the same force and effect as if each such act,

transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board and that such person did execute the same.

IN WITNESS WHEREOF, the undersigned, being all of the directors of each Board, have executed this written consent, in each case solely in his or her capacity as a director of each Company (or, in the case of Griffey Midco (DE), LLC, of Griffey Holdings, Inc., in its capacity as managing member thereof) of which he or she is a director, as of the last date executed as set forth below.

DocuSigned by:
D67DA9A0FF154AD...
Neal Goldman
Date: 10/20/2026 | 13:20:39 PDT

Signed by:
222C37AF4F464A6...
Jennifer Leyden
Date: 10/20/2026 | 12:24:04 PDT

Signed by:
F990A47C1518467...
Craig Peters
Date: 10/20/2026 | 12:24:54 PDT

DocuSigned by:
CFEE81CBDC814D3...
Christopher N. Hoel
Date: 10/20/2026 | 12:23:17 PDT

DocuSigned by:
B80FD7AA1EFA4EA...
Shane A. Johnson
Date: 10/20/2026 | 13:03:14 PDT

# SCHEDULE I

## Companies

1. Griffey Midco (DE), LLC (acting through its managing member, Griffey Holdings, Inc., whose board of directors shall be its "Board" hereunder)

2. Abe Investment Holdings, Inc.

3. Getty Images, Inc.

4. Getty Images (US), Inc.

5. Getty Images News Services (PRC), Inc.

6. Getty Images (Seattle), Inc.

# EXHIBIT A

## Form of DIP Credit Agreement

[*Intentionally Omitted*]

| Fill in this information to identify the case: |
|---|
| Debtor name: Getty Images Holdings, Inc. |
| United States Bankruptcy Court for the: District of Delaware |
| Case number (If known): ______________ |

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

10/20

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code [1] | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | NHL NATIONAL HOCKEY LEAGUE<br>1185 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036<br>UNITED STATES | ATTN: STEVE MAYER<br>TITLE: PRESIDENT<br>PHONE: +1 917-971-7840<br>EMAIL: SMAYER@NHL.COM | Accrued Royalties | | | | $3,261,000 |
| 2 | AGENCE FRANCE PRESSE<br>11-15, PLACE DE LA BOURSE<br>PARIS, 75002<br>FRANCE | ATTN: FABRICE FRIES<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +33 1 57 32 85 00<br>EMAIL: FABRICE.FRIES@AFP.COM | Accrued Royalties | | | | $2,941,995 |
| 3 | NBC UNIVERSAL NEWS GROUP<br>30 ROCKEFELLER PLAZA<br>NEW YORK, NY 10112<br>UNITED STATES | ATTN: FRANK COMERFORD<br>TITLE: CHIEF REVENUE OFFICER<br>PHONE: +1 917-783-4342<br>EMAIL: FRANK.COMERFORD@NBCUNI.COM | Accrued Royalties | | | | $2,020,182 |
| 4 | BBC STUDIOS DISTRIBUTION LIMITED<br>PORTLAND PLACE<br>LONDON<br>UNITED KINGDOM | ATTN: SARAH COLCOTT<br>TITLE: CHIEF OPERATING OFFICER<br>PHONE: +44 7867 392890<br>EMAIL: SARAH.CALCOTT@BBC.CO.UK | Accrued Royalties | | | | $1,369,242 |
| 5 | MLB ADVANCED MEDIA LP<br>1271 SIXTH AVENUE<br>NEW YORK, NY 10020<br>UNITED STATES | ATTN: REGAN WHITE<br>TITLE: SENIOR VICE PRESIDENT HUMAN RESOURCES<br>PHONE: +1 934-226-9589<br>EMAIL: REGAN.WHITE@MLB.COM | Accrued Royalties | | | | $1,326,589 |
| 6 | PENSKE MEDIA CORPORATION<br>11175 SANTA MONICA BLVD<br>LOS ANGELES, CA 90025<br>UNITED STATES | ATTN: JAY PENSKE<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +1 310-321-5050<br>EMAIL: PENSKE@PMC.COM | Accrued Royalties | | | | $1,125,000 |
| 7 | SMARTSHEET, INC<br>500 108TH AVE NE<br>SUITE 200<br>BELLEVUE, WA 98004<br>UNITED STATES | ATTN: SCOTT TORREY<br>TITLE: CHIEF REVENUE OFFICER<br>PHONE: +1 206-910-3539<br>EMAIL: SCOTT.TORREY@SMARTSHEET.COM | Accrued Royalties | | | | $961,223 |
| 8 | THOMAS M BARWICK INC<br>3450 16TH AVE W<br>SUITE 300<br>SEATTLE, WA 98119<br>UNITED STATES | ATTN: THOMAS M. BARWICK<br>TITLE: OWNER<br>PHONE: +1 206-285-4380<br>EMAIL: TOM@BARWICKPHOTO.COM | Accrued Royalties | | | | $931,077 |
| 9 | AMAZON WEB SERVICES INC<br>410 TERRY AVE N<br>SEATTLE, WA 98019<br>UNITED STATES | ATTN: TINA QUNELL<br>TITLE: CHIEF EXECUTIVE OFFICER COMMUNICATIONS<br>PHONE: +1 206-919-9652<br>EMAIL: TQUNELL@AMAZON.COM | Trade Payable | | | | $870,474 |

[1] This list excludes any claims that are subject to subordination pursuant to section 510(b) of the Bankruptcy Code, including any Warrant Claims (as defined in the *Joint Prepackaged Chapter 11 Plan of Reorganization of Getty Images Holdings, Inc. and its Debtor Subsidiaries*) and any claims for reimbursement, contribution, or subrogation allowed under section 502 or 509 of the Bankruptcy Code on account of any Warrant Claim.

Debtor Getty Images Holdings, Inc. Case number (if known)

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 10 | NBA PROPERTIES INC<br>645 5TH AVENUE<br>NEW YORK, NY 10022<br>UNITED STATES | ATTN: AMY BROOKS<br>TITLE: PRESIDENT<br>PHONE: +1 212-729-7675<br>EMAIL: ABROOKS@NBA.COM | Accrued Royalties | | | | $868,397 |
| 11 | NAME REDACTED<br>ADDRESS REDACTED | NAME REDACTED<br>ADDRESS REDACTED | Severance | | | | $849,274 |
| 12 | NAME REDACTED<br>ADDRESS REDACTED | NAME REDACTED<br>ADDRESS REDACTED | Severance | | | | $773,044 |
| 13 | VCG<br>BUILDING 6, NO. 123 HEXIANG ROAD<br>WEST TAIHU SCIENCE AND TECHNOLOGY INDUSTRIAL PARK<br>CHANGZHOU CITY<br>CHINA | ATTN: CHARLES WANG<br>TITLE: SENIOR VICE PRESIDENT<br>EMAIL: CHARLES.WANG@VCG.COM | Accrued Royalties | | | | $516,879 |
| 14 | ARSENAL BROADBAND LTD.<br>HIGHBURY HOUSE<br>75 DRAYTON PARK<br>LONDON<br>UNITED KINGDOM | ATTN: DAVID SAVAGE<br>TITLE: DIGITAL OPERATIONS MANAGER<br>PHONE: 07973 297750<br>EMAIL: DSAVAGE@ARSENAL.CO.UK | Accrued Royalties | | | | $498,421 |
| 15 | MERITAIN HEALTH<br>300 CORPORATE PARKWAY<br>BUFFALO, NY 14203<br>UNITED STATES | ATTN: SUZANNE SINCLAIR<br>TITLE: VICE PRESIDENT<br>PHONE: +1 716-308-8018<br>EMAIL: SINCLAIRS@MERITAIN.COM | Trade Payable | | | | $439,659 |
| 16 | NAME REDACTED<br>ADDRESS REDACTED | NAME REDACTED<br>ADDRESS REDACTED | Severance | | | | $410,970 |
| 17 | NAME REDACTED<br>ADDRESS REDACTED | NAME REDACTED<br>ADDRESS REDACTED | Severance | | | | $370,684 |
| 18 | CVS PHARMACY INC<br>1 CVS DRIVE<br>WOONSOCKET, RI 02895<br>UNITED STATES | ATTN: ERIC CARDIN<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +1 201-240-9503<br>EMAIL: ERIC@CVSHEALTH.COM | Trade Payable | | | | $348,927 |
| 19 | NAME REDACTED<br>ADDRESS REDACTED | NAME REDACTED<br>ADDRESS REDACTED | Severance | | | | $321,830 |
| 20 | SHI INTERNATIONAL CORP<br>290 DAVIDSON AVE<br>SOMERSET, NJ 08873<br>UNITED STATES | ATTN: THAI LEE<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +1 614-276-3191<br>EMAIL: THAI_LEE@SHI.COM | Trade Payable | | | | $298,531 |
| 21 | INDEPENDENT TELEVISION NEWS LIMITED<br>200 GRAYS INN RD<br>LONDON, WCIX 8XZ<br>UNITED KINGDOM | ATTN: JUSTIN SMITH<br>TITLE: CHIEF FINANCIAL AND OPERATING OFFICER<br>PHONE: +44 7825 656952<br>EMAIL: JUSTIN.SMITH@ITN.CO.UK | Accrued Royalties | | | | $284,313 |

Debtor Getty Images Holdings, Inc. Case number (if known)

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 | NAME REDACTED<br>ADDRESS REDACTED | NAME REDACTED<br>ADDRESS REDACTED | Severance | | | | $245,614 |
| 23 | NEWCASTLE UNITED FOOTBALL COMPANY LTD<br>ST JAMES' PARK<br>STRAWBERRY PLACE<br>NEWCASTLE UPON TYNE, NE1 4ST<br>UNITED KINGDOM | ATTN: DAVID HOPKINSON<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +1 416-454-9887<br>EMAIL: DAVID.HOPKINSON@NUFC.CO.UK | Accrued Royalties | | | | $217,678 |
| 24 | SIMONKR D.O.O.<br>CESTA KRIMSKEGA ODREDA 9<br>VRHNIKA, 1360<br>SLOVENIA | ATTN: SIMON KRZIC<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +386 01 75 52 623<br>EMAIL: INFOR@SIMONKR.COM | Accrued Royalties | | | | $198,962 |
| 25 | NAME REDACTED<br>ADDRESS REDACTED | NAME REDACTED<br>ADDRESS REDACTED | Severance | | | | $196,606 |
| 26 | JUVENTUS FOOTBALL CLUB S.P.A.<br>VIA DRUENTO 175<br>TURIN, 10151<br>ITALY | ATTN: PETER SILVERSTONE<br>TITLE: CHIEF BUSINESS OFFICER<br>PHONE: +44 7790 018312<br>EMAIL: PS@JUVENTUS.COM | Accrued Royalties | | | | $195,084 |
| 27 | NAME REDACTED<br>ADDRESS REDACTED | NAME REDACTED<br>ADDRESS REDACTED | Severance | | | | $180,530 |
| 28 | NAME REDACTED<br>ADDRESS REDACTED | NAME REDACTED<br>ADDRESS REDACTED | Severance | | | | $178,582 |
| 29 | EUROLEAGUE VENTURES S.A.<br>60 GRAND-RUE<br>LUXEMBOURG CITY, L-1660<br>LUXEMBOURG | ATTN: XAVI PUYADA<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: +34 616 16 31 62 | Accrued Royalties | | | | $175,762 |
| 30 | NAME REDACTED<br>ADDRESS REDACTED | NAME REDACTED<br>ADDRESS REDACTED | Severance | | | | $173,813 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GETTY IMAGES HOLDINGS, INC., *et al.*,[1] | ) | Case No. [●]-[____]([__]) |
| Debtors. | ) | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, attached hereto as **Exhibit A** is an organizational chart reflecting the ownership interests in Getty Images Holdings, Inc. and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (each, a "Debtor" and, collectively, the "Debtors"). The Debtors hereby state as follows:

1. Getty Images Holdings, Inc. is a publicly traded corporation. The Getty Family Stockholders[2] beneficially own, in the aggregate, approximately 45.5% of the Class A common stock. KED Icon Holdings, LLC beneficially owns, in the aggregate, approximately 27.4% of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Getty Images Holdings, Inc. (4229); Griffey Midco (DE), LLC (7122); Abe Investment Holdings, Inc. (5107); Getty Images, Inc. (7556); Getty Images (US), Inc. (8819); Getty Images News Services (PRC), Inc. (1849); and Getty Images (Seattle), Inc. (6863). The location of the Debtors' service address for purposes of these chapter 11 cases is: 605 5th Ave. S. Suite 400, Seattle, WA 98104.

[2] Interests shown consist of (i) 178,026,504 shares of Class A common stock held by Getty Investments L.L.C. ("Getty Investments"), (ii) 5,089,413 shares of Class A common stock held by The October 1993 Trust, (iii) 464,085 shares of Class A common stock held by The Options Settlement, and (iv) 7,794,004 shares of Class A common stock held by Mark Getty (Getty Investments, The October 1993 Trust, The Options Settlement and Mr. Getty, collectively, the "Getty Family Stockholders"). In light of their direct or indirect (as applicable) ownership interests in Getty Investments, the Cheyne Walk Trust and Cheyne Walk Master Fund 2 LP may be deemed to indirectly beneficially own the 178,026,504 shares of Class A common stock held by Getty Investments.

Class A common stock. To the best of the Debtors' knowledge, no other entities have a direct or indirect ownership interest of 10% or more in Getty Images Holdings, Inc.[3]

2. Getty Images Holdings, Inc. owns 100% of the membership interests in GGH Holdco, LLC, a non-Debtor entity.

3. GGH Holdco, LLC owns 100% of the membership interests in GGH Operating, LLC, a non-Debtor entity.

4. GGH Operating, LLC owns 100% of the outstanding stock of Griffey Holdings, Inc., a non-Debtor entity.

5. Griffey Holdings, Inc., a non-Debtor entity, owns 100% of the membership interests in Griffey Midco (DE), LLC.

6. Griffey Midco (DE), LLC owns 100% of the outstanding stock of Abe Investment Holdings, Inc.

7. Abe Investment Holdings, Inc. owns 100% of the outstanding stock of Getty Images, Inc.

8. Getty Images, Inc. owns 100% of the outstanding stock of in the following Debtors:

a. Getty Images (US), Inc.

b. Getty Images News Services (PRC), Inc.

c. Getty Images (Seattle), Inc.

[3] Ownership percentages in this paragraph are based on (i) Amendment No. 3 to Schedule 13D filed with the Securities and Exchange Commission (the "SEC") on October 13, 2026 by Getty Investments, Cheyne Walk Master Fund 2 LP, Cheyne Walk Trust, The October 1993 Trust, The Options Settlement, and Mark Getty, and (ii) Amendment No. 6 to Schedule 13D filed with the SEC on October 13, 2026 by KED Icon Holdings, LLC and Koch, Inc., each of which calculates percentage ownership using 421,018,476 shares of Class A common stock outstanding as of August 6, 2026, as reported in the Quarterly Report on Form 10-Q of Getty Images Holdings, Inc. filed with the SEC on August 10, 2026.

**Exhibit A**

Organizational Chart

gettyimages®

# Corporate Structure

**Debtor Entity**



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GETTY IMAGES (SEATTLE), INC. | ) | Case No. [●]-[____]([__]) |
| Debtor. | ) | |

**LIST OF EQUITY HOLDERS**[1]

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies the equity security holders of the above-captioned debtor in possession (the "Debtor") Check applicable box:

☐ There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒ The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| Getty Images, Inc.<br>605 5th Ave. S., Suite 400<br>Seattle, Washington 98104 | Outstanding Stock | 100% |

1 This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the Debtor's chapter 11 case.

**Fill in this information to identify the case and this filing:**

Debtor Name Getty Images (Seattle), Inc.

United States Bankruptcy Court for the: ________________ District of Delaware (State)

Case number (*If known*): ________________

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration Consolidated Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10/21/2026
MM / DD / YYYY

✘ /s/ Christopher Hoel
Signature of individual signing on behalf of debtor

Christopher Hoel
Printed name

Authorized Officer
Position or relationship to debtor